**FILED**

**NF**

JUN 2 8 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EUGENE FORESIDE,                    )

    *Plaintiff,*

    -vs-

CITY OF HARVEY, ERIC KELLOGG,
STEVEN PORTER and SAMUEL WHITE,     )
    )
    *Defendants.*                  )

06CV3504
JUDGE NORGLE
MAGISTRATE ASHMAN

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Eugene Foreside is a resident of the Northern District of Illinois.

3. Defendant City of Harvey is an Illinois municipal corporation.

4. Defendant Eric Kellogg is the Mayor of the City of Harvey and is sued in his individual capacity.

5. Defendants Samuel White is employed by the City of Harvey as a Commander in its police department and is sued in his individual capacity.

6. Defendant Steven Porter is employed by the City of Harvey as the Commander Internal Affairs section of its police department and is sued in his individual capacity.

7. At about 2:45 p.m. on May 14, 2006, plaintiff was the victim of an armed robbery in the City of Harvey.

8.  Plaintiff reported the offense to the Harvey police department.

9.  A Harvey police officer investigated plaintiff's complaint and arrested the offender and his female companion.

10. The officer found the proceeds of the robbery on the person of the offender; the officer recovered the handgun that the offender had used during the robbery from the offender's female companion.

11. The arresting officer turned the offender and his female companion over to defendant White.

12. Thereafter, defendant White released without charges the person who had robbed plaintiff and his female companion (who had committed a felony by possessing the handgun).

13. Defendant White has to date refused to provide plaintiff with any documentation showing that he inventoried plaintiff's money that had been recovered from the offender.

14. Defendant White has to date refused to return to plaintiff the money that had been taken from plaintiff during the armed robbery and which had been recovered from the offender.

15. Plaintiff has made repeated attempts to complain to defendant Porter about defendant White's decision to release the offenders, about White's refusal to provide plaintiff with documentation that he had inventoried plaintiff's money that had been recovered from the offender, and about White's refusal to return to plaintiff the money that had been taken from him. Porter has to date refused to permit plaintiff to file a complaint.

16. In refusing to permit plaintiff to file a complaint, Porter acted in accordance with a widespread practice of the police department of the City of Harvey to refuse to accept and investigate civilian complaints of police misconduct.

17. Defendant White was hired as a Harvey police officer and was appointed to be a police commander by defendant Kellog because White had worked for the election of Kellogg in the 2003 mayoral campaign in the City of Harvey.

18. At the time he appointed White to be a police commander, Kellogg knew or reasonably should have known that White was not qualified to work as a police commander.

19. **Claim I:** Defendant White caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

20. **Claim II:** The decision of defendant Kellogg to rehire White and to vest White with the powers of police commander was a proximate cause of White's above described actions.

21. **Claim III:** The policy of the City of Harvey to refuse to investigate citizen complaints of police misconduct, and Porter's involvement in that policy, was a proximate cause of White's above described actions.

22. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff prays that judgment be entered in favor of plaintiff and against defendants White, Porter, Kellogg and the City of Harvey, jointly and severally, in an amount in excess of twenty five thousand dollars as compensatory damages, and against defendants Kellogg and White in an amount in excess of one hundred thousand dollars as punitive damages.

/s/ Kenneth N. Flaxman

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com

*attorney for plaintiff*